# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| Alfredo Ramirez, | ) | Civil Action No. 2:17-700-RMG |
| --- | --- | --- |
| Plaintiff, | ) | |
| v. | ) | **ORDER AND OPINION** |
| All Carolina Crane Rental, LLC d/b/a All Carolina Crane Rental and All Carolina Crane & Equipment, LLC, | ) | |
| Defendant. | ) | |

This matter is before the Court on the Defendants' unopposed motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1332 because there is not complete diversity among the parties. (Dkt. No. 7.) For the reasons set forth below, the motion to dismiss is granted.

## I. Legal Standard

Even when a motion to dismiss is unopposed, this Court must determine whether dismissal is proper. *See Stevenson v. City of Seat Pleasant, Md.*, 743 F.3d 411, 416 n.3 (4th Cir. 2014). Under 28 U.S.C. § 1332, a federal district court has original jurisdiction over all civil actions in cases where the amount in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a)(1). Except for certain class actions, Section 1332 requires complete diversity among parties, meaning that that each plaintiff's citizenship is different from each defendant's citizenship. *Caterpillar, Inc. v. Lewis,* 519 U.S. 61, 68 (1996). For purposes of diversity jurisdiction, a corporation "shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business...." 28 U.S.C. § 1332(c)(1).

-1-

Under Rule 12(b)(1), the district court steps into the role of fact-finder for the limited purpose of adjudicating disputes concerning allegations which are critical to the determination of subject matter jurisdiction. If the moving party contests the truth of the complaint's jurisdictional allegations, this Court may "go beyond the allegations of the complaint and in an evidentiary hearing determine if there are facts to support the jurisdictional allegations." *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir.1982). The district court may review pleadings, affidavits, depositions, and even hear testimony, all without converting the 12(b)(1) motion into one for summary judgment. *Id.* Plaintiff bears the burden of proving subject matter jurisdiction. *Id.*

## II. Discussion

Plaintiff alleged in the Complaint that each Defendant was a "foreign corporation," but he did not mention where either Defendant is incorporated or maintains its principal place of business. (Dkt. No. 1 at 1.) Defendants have filed two affidavits in support of their assertion that All Carolina Crane Rental, LLC is organized under the laws of Ohio but has its principal place of business in Charleston County, South Carolina. (Dkt. Nos. 7-1, 7-2.) Plaintiff alleges in his Complaint that he is a citizen and resident of South Carolina. (Dkt. No. 1 at 1.) Plaintiff has filed no opposition to the Defendants' motion to dismiss. Because the Complaint does not include any facts from which this Court could independently determine that complete diversity of the parties has been established, and because Plaintiff has not opposed Defendant's allegation that All Carolina Crane Rental, LLC has its principal place of business in South Carolina, this Court can only conclude that complete diversity does not exist among the parties.

## III. Conclusion

For the reasons stated above, this case is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

May 15, 2017
Charleston, South Carolina